[Civil No. 1638.   Filed April 16, 1919.]

[179 Pac. 963.]

ARIZONA EASTERN RAILROAD COMPANY, a Corporation, Appellant, v. TEE HINTON, Appellee.

1. COURTS — JURISDICTIONAL AMOUNT — AMENDMENT OF COMPLAINT — "ORIGINAL AMOUNT IN CONTROVERSY."—Complaints in justice court having sought to recover aggregate amount of $239.99, and complaint having been amended, after consolidation of cases in superior court, to reduce amount to $200, plaintiff would not have been allowed recovery in any greater sum, so that "original amount in controversy," within Constitution, article 6, section 4, conferring appellate jurisdiction on supreme court, does not exceed $200, and appeal must be dismissed.

2. CONSTITUTIONAL LAW—ADOPTION OF PROVISION OF OTHER STATE— CONSTRUCTION IN SUCH OTHER STATE.—That Arizona adopted a provision of the Constitution of Washington after certain construction was placed on it by the supreme court of Washington is persuasive, if not binding, on the supreme court of Arizona, if construction is reasonable.

[As to method of determining amount in controversy, see note in 21 Am. St. Rep. 617–622.]

APPEAL from a judgment of the Superior Court of the county of Graham.   A. G. McAlister, Judge.   Dismissed.

Mr. Charles L. Rawlins, for Appellant.

Mr. W. R. Chambers, for Appellee.

CUNNINGHAM, C. J.—This action arose in the justice court, wherein the appellee commenced two separate actions, one claiming forty dollars as the alleged value of a steer killed by the defendant's railroad trains, and one action claiming $199.99 as the alleged value of a horse also killed by defendant's railroad trains.   The plaintiff recovered judgment for the amounts claimed in each suit before the justice court, and the defendant appealed to the superior court of Graham county.   Upon a trial there, the two appealed cases were consolidated by an order of the trial court, and the plaintiff-appellee amended his complaint in the action to recover the value of the horse, so that when amended he demanded, as the value of the horse, $160, instead of $199.99.   The plaintiff recovered a verdict in the sum of $40 as the value of the steer and the further sum of $160 as the value of the horse, and the court rendered judgment for the plaintiff for the total sum of $200.   From such judgment, the defendant again appeals to this court.

The appellee moves a dismissal upon the grounds that the record, on its face, discloses that this court has no jurisdiction to hear and determine the appeal for the reason the original amount in controversy does not exceed the sum of $200, and the action does not involve the validity of a tax, impost, assessment, toll, municipal fine or statute.

The issues of fact made by the pleadings do not raise the question of value of the property.   There was no contest as to the amount of the recovery, the only issue being whether the appellant was liable for any sum whatever.

After the complaint was amended, the plaintiff would not have been allowed a recovery in a sum greater than the amount prayed for in the amended complaint.   Consequently, the original amount in controversy, as used in section 4 of article 6, state Constitution, conferring appellate jurisdiction on this court, does not exceed the sum of $200, and the appeal must be dismissed.   The exact question here involved

was involved in *Flick* v. *Showalter,* 51 Wash. 345, 99 Pac. 9, decided January 5, 1909, by the supreme court of Washington, as a construction of the Constitution of that state. Arizona adopted the Washington provision after that construction was placed on it by the supreme court of Washington. Such fact is very persuasive, if not binding, on us if the construction is reasonable, and we think it is.

The motion is granted and the appeal is dismissed.

ROSS and BAKER, JJ., concur.